IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRUCE A. HANCOCK, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-15-1310-D |
| | ) | |
| HOMEWARD RESIDENTIAL | ) | |
| HOLDINGS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court are four Motions to Dismiss Plaintiff's Amended Complaint [Doc. Nos. 20, 21, 53, and 63] (collectively, the "Motions").[1] Plaintiff Bruce A. Hancock, Jr., who appears *pro se*, responded to the Motions [Doc. Nos. 29, 34, 61, and 67, respectively],[2] and Greenpoint replied [Doc. No. 66].[3] Plaintiff's Motion to Amend [Doc. No. 28] is also before the Court.

---

[1] Doc. No. 20 was filed on behalf of Homeward Residential Holdings, Inc. ("Homeward Residential"). Doc. No. 21 was filed on behalf of Ocwen Loan Servicing, LLC ("Ocwen"). Doc. Nos. 53 and 54 (brief in support) were filed on behalf of Greenpoint Mortgage Funding, Inc. ("Greenpoint"). Doc. No. 63 was filed on behalf of Experian Information Solutions, LLC ("Experian").

[2] Additionally, Plaintiff erroneously filed a response [Doc. No. 37] to Defendant Equifax's Motion to Dismiss. Equifax never filed a Motion to Dismiss. However, pursuant to an Order of the Court [Doc. No. 62] entered February 17, 2016, Equifax was dismissed from this case. Accordingly, Plaintiff's response is hereby stricken as moot.

[3] Plaintiff filed a surreply [Doc. No. 69] on March 2, 2016. The Court's local rules do not expressly authorize filing a surreply, and it is well accepted that a surreply is proper only when responding to new material (*see Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005)) and with leave of Court. Plaintiff's surreply failed in both respects and, therefore, is hereby stricken.

-1-

**Background**

Plaintiff brings this suit under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692k, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and the Oklahoma Consumer Protection Act ("OCPA"). In his Amended Complaint [Doc. No. 13], Plaintiff alleges wrongs relating to three separate mortgages: Homeward Residential Account No. 6470015628514 (the "Homeward Residential Account"), and Ocwen Account Nos. 713127 and 719037 (the "Ocwen Accounts"); (collectively, the "Subject Mortgages") reflected on his credit report. All claims arise from two successive bankruptcies, the first of which was filed in 2010 under Chapter 13 and permanently disqualified Plaintiff's debts from discharge in any future bankruptcy ("Chapter 13 Bankruptcy"). *See* Order [Doc. No. 30, 10-17238 (Bankr. W. D. Okla.)] at 1-2. Nevertheless, Plaintiff received a discharge in a subsequent Chapter 7 bankruptcy, filed in 2011 ("Chapter 7 Bankruptcy"). *See* Discharge of Debtor [Doc. No. 1-1] at 1. Plaintiff relies on this discharge in his allegations against Defendants.

Plaintiff alleges, among other things, that Homeward Residential and Ocwen reported inaccurate information regarding the subject mortgages, and that Experian failed to follow reasonable procedures in addressing Plaintiff's dispute. Plaintiff further alleges that Homeward Residential, Ocwen, and Experian intentionally damaged Plaintiff's credit, committed libel, and inflicted emotional distress upon him. Additionally, Plaintiff alleges Greenpoint committed fraud by failing to properly notify Plaintiff of changes to his loan

agreement, and violated OCPA when it filed several sheriff's sale executions. Plaintiff seeks to obtain statutory penalties and damages, and a permanent injunction requiring the correction of his credit report.

Defendants separately, but similarly, contend Plaintiff's Amended Complaint should be dismissed for the following reasons: judgment has previously been rendered on Plaintiff's claims; Plaintiff's claims are barred by the *Rooker-Feldman* Doctrine, *res judicata*, judicial estoppel, and the statute of limitations;[4] and Plaintiff is impermissibly splitting claims between this and related case *Hancock v. Ocwen Loan Servicing LLC, et. al.*, 14-CIV-1380-D (W.D. Okla.) ("*Hancock I*"). For the reasons stated herein, the Court finds that dismissal of all claims is warranted, and that Plaintiff is not entitled to further amend his Amended Petition.

**Standard of Decision**

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[4] There is a two-year statute of limitations on false credit reporting as alleged in Plaintiff's Amended Complaint. *See* FCRA, 15 U.S.C. § 1681p. There is a 1 year statute of limitations on Plaintiff's asserted violations of FDCPA. *See* 15 U.S.C. § 1692k(d). There is a 1 year statute of limitations on Plaintiff's asserted violations of RESPA. *See* 12 U.S.C. § 2614.

*Iqbal*, 556 U.S. at 678. This "plausibility" standard is not considered a "heightened" standard of pleading, but rather a "refined standard," which the court of appeals had defined as "refer[ring] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[] [has] not nudged [his] claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citing *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011); *see also Robbins*, 519 F.3d at 1247.

The court of appeals has further noted that "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context." *Id.* (quoting *Robbins*, 519 F.3d at 1248). "Thus, . . . the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions . . . which . . . will not do.'" *Id.* (quoting *Robbins*, 519 F.3d 1247). Accordingly, "while the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Id.*

Where dismissal is granted for failure to state a claim, the Court should grant leave to amend freely "if it appears at all possible that the plaintiff can correct the defect." *Triplett v. Leflore Cty., Okla.*, 712 F.2d 444, 446 (10th Cir. 1983). Leave to amend is not automatic, however, and may be properly denied where an amendment would be futile. *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2004). "A court properly may deny a motion for

leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *E.spire Commc'ns, Inc. v. N.M. Pub. Reg. Comm'n.*, 392 F.3d 1204, 1211 (10th Cir. 2004) (internal quotations omitted).

**Facts**

Pursuant to Fed. R. Evid. 201, the Court, *sua sponte*, takes judicial notice of the records (including petitions, schedules, related documents, and orders) of *In re Bruce A. Hancock, Jr.*, 10-17238 (Bankr. W.D. Okla.) and *In re Bruce A. Hancock, Jr.* 11-15686 (Bankr. W.D. Okla.), as well as the court file of related case *Hancock I*, and the present case file.[5] In *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169 (10th Cir. 1979), the Tenth Circuit discussed the appropriateness of taking judicial notice in a case such as this one:

> [A] court may . . . take judicial notice, whether requested or not . . . of its own records and files, and facts which are part of . . . public records. . . . The scope and reach of the doctrine of judicial notice has been enlarged over the years until today it includes those matters that are verifiable with certainty. Thus, this court has held that a court may, [s]ua sponte, take judicial notice of its own records and preceding records if called to the court's attention by the parties. Further, it has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.

---

[5] Unless derived from the present case, each document's source case will be referenced in its citation.

*Id.* at 1171-72 (citations omitted); *see also U.S. v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising the court's discretion "to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (citation omitted).

The majority of the pertinent facts are set forth in an Order of the Court [Doc. No. 114] entered August 18, 2016, in *Hancock I* ("*Hancock I* Order") and will not be restated here. To them, the Court adds only that the Homeward Residential Account existed prior to Plaintiff's Chapter 13 Bankruptcy, having been opened in February 2005 and last reported to Experian that same year. *See* Experian Credit Report [Doc. No. 13-2] at 43.

**Analysis**

**I. Ocwen Accounts**

In its *Hancock I* Order, the Court found that "[p]rior to his Chapter 7 Bankruptcy discharge, Plaintiff's indebtedness was determined to be non-dischargeable in the Chapter 13 Bankruptcy Order. . . . Accordingly, Ocwen was entitled to furnish related information to Experian and other CRAs because it believed, correctly, that the information it provided regarding Plaintiff's debt was accurate." Order [Doc. No. 114, 14-1380 (W.D. Okla.)] at 9-10. The Court further found that Plaintiff "failed to present evidence raising a triable issue concerning the presence of any inaccuracy regarding the information supplied to Experian." *Id.* at 11. The Court additionally found that RESPA "does not require that Ocwen make sure the account is no longer reported for 60 days. Rather, it prevents a servicer from 'provid[ing]

[any] information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request.'" *Id.* at 13. In light of these findings and the Court's grant of summary judgment against Plaintiff in *Hancock I*, the Court finds here that, under the doctrine of *res judicata*, Plaintiff's claims as to Ocwen, Experian, and Greenpoint regarding the Ocwen Accounts are foreclosed, and hereby dismissed.

Under the doctrine of *res judicata*, a final judgment on the merits in a previous action precludes the parties from relitigating issues that were or could have been raised in that action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Klein v. Zavaras*, 80 F.3d 432, 434 (10th Cir.1996). It applies when: "(1) the prior action has been finally adjudicated on the merits; (2) the parties are identical or in privity; (3) the suit is based on the same cause of action; and (4) the plaintiff had a full and fair opportunity to litigate the claim in the prior action." *Ostler v. Anderson*, 200 F. App'x 750, 753 (10th Cir. 2006) (unpublished). In this case, all four elements are satisfied. A final judgment was entered against Plaintiff on August 18, 2016, in *Hancock I*. *See* Judgment [Doc. No. 115 (14-1380 (W.D. Okla.)]. Both Ocwen and Experian were parties to that action, and Greenpoint is in privity as the party with whom Plaintiff executed the original security note. *See id.* at 6. This suit is based upon the same set of operative facts and, as the lengthy document record will attest, Plaintiff had a full and fair opportunity to litigate these issues in *Hancock I*. Therefore, Plaintiff is precluded from

raising the same or related issues here.[6] Accordingly, Plaintiff's claims against Ocwen, Experian, and Greenpoint relating to the Ocwen Accounts are hereby dismissed.

**II. Homeward Residential Account No. 6470015628514**

Plaintiff's claims against Homeward Residential and Experian are based on the premise that the Homeward Residential Account was discharged in Plaintiff's Chapter 7 Bankruptcy. *See* Am. Compl. [Doc. No. 13] at 4. However, Homeward Residential is not listed as a creditor on Plaintiff's Schedule D. *See* Petition [Doc. No. 1, 11-15686 (Bankr. W.D. Okla.)] at 11-12. Further, Plaintiff's credit report reflects that the Homeward Residential Account was "transferred to another lender" sometime between February and June of 2005.[7] *See* Experian Credit Report [Doc. No. 13-2] at 43. The report further reflects Plaintiff's account status as "Paid, Closed/Never late." *See* Experian Credit Report [Doc. No. 13-2] at 43. Because the Court can discern no inaccuracy reflected on Plaintiff's credit report, the Court finds that Plaintiff has failed to set forth a plausible claim. Accordingly, Plaintiff's claims against Homeward Residential and Experian are hereby dismissed.

**III. Motion to Amend**

Plaintiff's Motion to Amend falls short in two respects. First, Plaintiff failed to comply with LCvR 7.1(k)(2) which requires Plaintiff to "state whether opposing counsel

---

[6] "The fundamental policies underlying the doctrine of res judicata (or claim preclusion) are finality, judicial economy, preventing repetitive litigation and forum-shopping, and the interest in bringing litigation to an end." *Plotner v. AT&T Corp.*, 224 F.3d 1161, 1168 (10th Cir. 2000) (citations omitted).

[7] Plaintiff has failed to provide any information regarding the identity of the subsequent lender.

agrees or objects to the request [to amend]," and "[submit] a proposed order . . . . served in accordance with LCvR 5.5." *Id.* Plaintiff's Motion fails to comply with either requirement.

Second, further amendment would be futile. In his Motion, Plaintiff requests to add four fraud claims regarding the same subject matter and based upon similar arguments as those reflected in his Amended Complaint. Thus, his proposed amendments would be subject to dismissal on the same grounds as his prior claims. Therefore, Plaintiff is denied leave to further amend his pleading.

**Conclusion**

For these reasons, Defendants' four Motions to Dismiss Plaintiff's Amended Complaint [Doc. Nos. 20, 21, 53, and 63] are hereby GRANTED. Dismissal shall be with prejudice as to refiling. Plaintiff's Motion to Amend [Doc. No. 28] is hereby DENIED. A judgment shall be entered accordingly.

IT IS SO ORDERED this 29th day of September, 2016

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE